**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**DELTA DIVISION**

UNITED STATES OF AMERICA                *
                                        *
v.                                      *          No. 2:21-cr-00118-1-JJV
                                        *
WALTER HOSKINS,                         *
Reg. #09663-029                         *

## MEMORANDUM AND ORDER

## I.    INTRODUCTION

Defendant Walter Hoskins brings this 28 U.S.C. § 2255 Motion to Vacate, Set Aside, or Correct Sentence *pro se*.  (Doc. No. 11.)   He seeks to have his conviction vacated on the basis that he received ineffective assistance of counsel.  (*Id*. at 3-5.)   After careful consideration of the Motion as well as the Response (Doc. No. 16), I find the Motion must be denied.

## II.   FACTS

Mr. Hoskins, then an inmate at the Federal Correctional Institution – Forrest City, was charged by misdemeanor information with possessing a prohibited object – a cell phone – in prison. (Doc. No. 1.)   He appeared with counsel, entered a plea of guilty, and was sentenced to a term of six months' imprisonment, to run consecutive to the sentence he was already serving.[1]   (Doc. No. 9.)   The judgment was entered on December 13, 2021.   (*Id*.)   Mr. Hoskins did not appeal, so his conviction became final on December 27, 2021.   *See* Fed. R. App. Proc. 4(b)(1)(A) (defendant's notice of appeal must be filed within fourteen days after entry of judgment).

Mr. Hoskins filed the instant Motion to Vacate, Set Aside, or Correct Sentence on

---

[1] Under 18 U.S.C. § 1791(c), any punishment imposed for possessing contraband in prison "shall be consecutive to the sentence being served" at the time of the violation.

September 12, 2023. (Doc. No. 11.) He alleges he would not have agreed to plead guilty if he had been told it would render him ineligible to earn time credits under the First Step Act of 2018, 18 U.S.C. §§ 3631-3635. (*Id*. at 3.) *See* 18 U.S.C. § 3532(d)(4)(D)(xxix) (a prisoner is ineligible to receive time credits if the prisoner is serving a sentence for an enumerated conviction, including under § 1791, relating to providing or possessing contraband in prison). The United States responds that Mr. Hoskins's Motion is time-barred and without merit. (Doc. No. 16 at 3.)

## III.  ANALYSIS

A one-year period of limitation applies to § 2255 motions. "The limitation period shall run from the latest of –

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence."

28 U.S.C. § 2255(f). Mr. Hoskins's Motion was filed on September 12, 2023, more than a year after his conviction became final on December 27, 2021. Therefore, under § 2255(f)(1), his Motion is untimely.

Mr. Hoskins contends § 2255(f)(4) should apply and that he only learned about his First Step Act ineligibility sometime around April of 2023. (Doc. No. 1 at 2.) In order to invoke § 2255(f)(4), "a petitioner must show the existence of a new fact, while also demonstrating that he acted with diligence to discover the new fact." *Deroo v. United States*, 709 F.3d 1242, 1245 (8th Cir. 2013) (quoting *Anjulo-Lopez v. United States*, 541 F.3d 814, 817 (8th Cir. 2008)). Due

diligence does not require repeated exercises in futility or exhaustion of every imaginable option, but it does require "reasonable efforts."   *Id*. (quoting *Anjulo-Lopez*, 541 F.3d at 818).   Mr. Hoskins's First Step Act ineligibility cannot be considered a new fact, as the Act clearly includes possession of contraband in prison as a disqualifying offense – a provision that was in place at the time of Mr. Hoskins's guilty plea.   And even if it were a new fact, a reasonably diligent person in Mr. Hoskins's circumstances would have discovered it in a timely fashion.   I acknowledge Mr. Hoskins's limitations as a *pro se* litigant.   (Doc. No. 11 at 4.)   "But we have never accepted *pro se* representation alone or procedural ignorance as an excuse for prolonged inattention when a statute's clear policy calls for promptness."   *Johnson v. United States*, 544 U.S. 295, 311 (2005). As the United States points out, Mr. Hoskins filed an administrative remedy request concerning his First Step Act credits in March 2022, which shows he was sufficiently familiar with the Act to have discovered his ineligibility by that time at the very latest.   (Doc. No. 16-4 at 5.)   He is not entitled to invoke § 2255(f)(4).

Nor is Mr. Hoskins entitled to equitable tolling.   Equitable tolling is only appropriate when a petitioner shows (1) he has been pursuing his rights diligently and (2) some extraordinary circumstance stood in the way of his filing.   *Holland v. Florida*, 560 U.S. 631, 649 (2010).   Mr. Hoskins has not made either showing.

For these reasons, Mr. Hoskins's § 2255 Motion, filed more than one year after his conviction became final, is time-barred.   It must be denied on this basis.

## IV.     CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts, a district court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."   A certificate of appealability may issue "only if the

applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. §

2253(c)(2).  No such showing has been made here, and no certificate of appealability will issue.

## V.    CONCLUSION

IT IS, THEREFORE, ORDERED that:

1.      Mr. Hoskins's § 2255 Motion to Vacate, Set Aside, or Correct Sentence (Doc. No.

11) is DENIED.

2.      No certificate of appealability will issue.

DATED this 8th day of December 2023.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE